Reese J.
delivered the opinion of the court.-
The conversion for which this action was brought, was' the levy tip on, the taking, and sale by the defendant below, of the property, under an execution against the plaintiff’s bailee. From the bill of exceptions, it appears obviously, that the cause of action is placed upon such levy, taking and sale. The terms used in the record, import that the defendant below was an officer acting ministerially in the levy upon, and sale of the property in question, and that Iiis possession of it ceased with the sale. In this action, the plaintiff must establish his right of possession, as well as of property, and that right of possession must exist at the time of the conversion. Thus, it is laid down in the case of Gordon vs. Harper, 7 Ter. Rep. 9: that when a man let a house and furniture for a term, the lessor could not maintain trover against a sheriff, who, pending the term, had wrongfully taken the furniture in execution, because during the term, he parted with the right of possession. In a late case, Pain vs Sheriff, of Middlesex, R. and Moody, 99, it is determined, that when goods and* chattels, lent on hire, have been wrongfully taken in execution'by the sheriff, under a writ of fi.fa., the owner cannot maintain trover against him; he not having the right of possession,as well as the right of property at the time of the sale. The effect of the principle of these decisions, is not to suspend the owner’s right to sue the sheriff for a seizure and sale made pending the term for which the property seized and sold may have been hired, and at the expiration of such term of hire-ing, when he again has the right of possession, to revive his right of action, by relation against such sheriff; but they *264 show that he never had a right to maintain this action fo? 'such conversion. If, indeed, after the expiration of the' term for which the property may be hired, or let, the conversion were to continue, the owner then having a right of possession, might maintain trover upon such conversion, or existing conversion. In the leading case upon this distinction, of Gordon vs. Harper, as well as in the case of Payn vs The Sheriff of Middlesex, the latter of which cases is determined so late as the year 1824, and reported in Ryan and Moody, 99: 21 English C. L. R. 390: among other grounds, the distinction is placed upon the necessity in the form of this action to allege, that at the time the property came to the hands of the defendant or, when the conversion took place, the plaintiff had been lawfully possessed, &c., which, when the actual possession as well as the right of possession, was in the bailee, would not be :rue in point of fact. It is laid down in many cases, tíiát where goods are in the hands of a carrier# and are taken by a stranger, the owner may maintain trover, because the possession itself is regarded as being virtually his# the carrier being looked upon as his servant. But such is not the case, where the possession as well as the right of possession, and the temporary use and property are in another.
Let the judgment of the circuit court be reversed, and let the cause be tried again in the circuit court, where the Jaw will be charged in conformity with this opinion.
Judgment reversed-'